MARIE MACLEAN, Appellant, *v.* J. L. MOTT IRON WORKS, Respondent, Impleaded with JORDAN L. MOTT, III, and Others, Defendants. (Action No. 2.)

MARIE MACLEAN, Appellant, *v.* J. L. MOTT IRON WORKS, Respondent, Impleaded with ALEXANDER B. HALLIDAY, as Executor, etc., of JOHN REID, Deceased, Defendant. (Action No. 4.)

MARIE MACLEAN, Appellant, *v.* J. L. MOTT IRON WORKS, Respondent, Impleaded with MAX GOEBEL, Defendant. (Action No. 5.)

MARIE MACLEAN, Appellant, *v.* J. L. MOTT IRON WORKS, Respondent, Impleaded with EDWARD HAMMANN, Defendant. (Action No. 6.)

MARIE MACLEAN, Appellant, *v.* J. L. MOTT IRON WORKS, Respondent, Impleaded with J. L. MOTT COMPANY and Another, Defendants. (Action No. 9.)

First Department, November 5, 1920.

Corporations — complaint in derivative action brought by stockholder against directors of corporation — allegations as to demand upon corporation to bring action should not be stricken out.

In a derivative action brought by a single stockholder in her own behalf and for the benefit of other stockholders to require the defendants, who were officers and directors of the corporation, to account for alleged illegal acts, it is improper for the court to strike out allegations of the complaint

· MacLean v. Mott Iron Works. Nos. 2, 4–6, 9. 699

App. Div.]        First Department, November, 1920.

showing a demand on the corporation to bring the action, and its refusal to do so, and also an allegation that the defendants who have acted fraudulently are in control of the corporation for which reason the corporation refuses to sue. Even though the allegation as to the reason for the refusal of the corporation to sue may be unnecessary, the entire allegation which is necessary to the plaintiff's recovery should not be stricken out.

Dowling, J., and Clarke, P. J., dissent, with opinion.

Separate appeals by the plaintiff, Marie MacLean, in each of the above-entitled actions, from orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of April, 1920, striking out a certain portion of a specified paragraph of the complaint in each action as irrelevant and immaterial.

Robert L. Luce of counsel [Davis, Donohue & Deitz, attorneys], for the appellant.

James R. Sheffield of counsel [Abel E. Blackmar, Jr., with him on the brief], Sheffield & Betts, attorneys, for the respondent.

Smith, J.:

The facts are stated in the opinion of Mr. Justice Dowling. The 13th paragraph of the complaint includes the allegation of a demand upon the corporation to bring the action and its refusal, and the further allegation that the defendants who have acted fraudulently are in control of the corporation. It is true that the fact stated in this further allegation is stated as a reason for the refusal of the corporation to sue. To my mind it is wholly immaterial what the pleader originally had in mind when he thus stated the fact. With this fact alleged in the complaint there can be no doubt, upon failure to prove a demand and refusal, if facts are proven justifying this allegation, that the complaint could not be dismissed on the ground that the action was improperly brought by an individual stockholder. That this fact is stated to be the reason for the refusal of the corporation to bring the action is probably unnecessary, but to strike out the allegation entirely is to strike out an allegation in the complaint that is material and relevant to plaintiff's right of recovery. For

First Department, November, 1920. [Vol. 193.

this reason the motion was improperly granted and the orders should be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs.

Laughlin and Greenbaum, JJ., concur; Clarke, P. J., and Dowling, J., dissent.

Dowling, J (dissenting):

These actions are derivative ones, brought by plaintiff, a stockholder of the J. L. Mott Iron Works, in her own behalf and for the benefit of all other stockholders joining with the plaintiff and sharing in the expenses. The actions are based upon certain acts of the individual defendants, who by the 5th paragraph of the complaint are alleged to have been officers or trustees, directors and trusted employees of the corporation, and as such practically in exclusive control of its management and policy from January 1, 1880, which said acts, improperly, wrongfully, fraudulently performed and in breach of trust and in direct violation of their fiduciary relationship to the corporation and its stockholders, resulted in certain large credits being given to them on the books of the corporation, aggregating over $700,000, together with interest thereon in addition to the fixed salaries to which they were entitled, which said sums, including compound interest, have been withdrawn by these individuals from the treasury of the corporation.

The 13th paragraph of the complaint, which is attacked in part by the motion herein, is as follows:

" *Thirteenth.* The plaintiff brings this action on behalf of herself and all other stockholders of the defendant J. L. Mott Iron Works similarly situated. Plaintiff has made a demand on the said defendant J. L. Mott Iron Works to bring an action for the relief herein sought, against the defendants, but the said J. L. Mott Iron Works has neglected and refused to bring this action, for the reason, as your plaintiff believes, that the individual defendants or some of them constitute or absolutely control a majority of the Board of Directors of said J. L. Mott Iron Works and the defendants therefore are in fact in control thereof, and the said wrongful, improper and unauthorized misappropriation and conversion of funds

MacLean v. Mott Iron Works.    Nos. 2, 4–6, 9.    701

App. Div.]        First Department, November, 1920.

from said J. L. Mott Iron Works was made by those who were and now are in absolute control of every act of the Board of Directors and trustees of said Iron Works; that the directors of said Iron Works other than. the said defendants herein who are directors and trustees were dummies and are absolutely controlled by said individual defendants herein and said defendants will not bring suit against themselves for an accounting."

The part of this paragraph which has been stricken out by the order appealed from is all after the words " for the reason." In my opinion, the order was proper and the portion eliminated is irrelevant and immaterial and forms no part of a statement of plaintiff's cause of action. That cause of action is made complete by the allegation that a demand was made on the corporation that an action be brought for the relief sought, and that such demand was refused. On this branch of the case, plaintiff is required to prove no more; and the reasons which plaintiff thinks (or could prove) brought about the refusal are entirely immaterial. The sole effect of the inclusion of such an allegation would be to apparently justify the introduction of proof which might be highly prejudicial to defendant, without affording any legal support for plaintiff's recovery.

It is sought to justify the inclusion of the matter stricken out upon the ground that plaintiff has the right to plead both an actual and a virtual refusal by the corporation to bring this action. I do not question plaintiff's right to have pleaded an alternative state of facts; that is, that a demand was actually made upon the corporation to bring a suit, followed by an actual refusal; but that if such demand was for any reason informal, insufficient or ineffective, in any event the making of a demand would have been futile, because the same persons were in office as directors who had perpetuated the wrong, wherefore it would have been quite useless to ask them to bring action against themselves as wrongdoers.

But that is neither the purpose, form nor effect of the present allegation. The 13th paragraph, in my opinion, sets forth only an actual demand, followed by an actual refusal; and the words stricken out by the orders appealed from set forth only the reasons for that actual refusal, which are quite

immaterial, and do not. set forth the reasons which would excuse the failure to make an actual demand.

The orders appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., concurs.

Orders reversed, with ten dollars costs and disbursements, and motions denied, with ten dollars costs. .